UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| REESE C. ELMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-239-HBG |
| | ) | |
| NANCY A. BERRYHILL,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 72(b) of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 18]. Now before the Court is the Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 12 & 13] and the Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 14 & 15]. Reese C. Elmore ("Elmore") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of the Acting Commissioner of Social Security ("the Commissioner").

Elmore filed for Disability Insurance Benefits in May, 2012 (Tr. 123, 129). The application was denied (Tr. 80-83) and denied again on reconsideration (Tr. 85-88). Following a hearing, the ALJ entered an unfavorable decision ("the Decision") in December, 2014 (Tr. 18-28). The Decision became final when the Appeals Council denied review in March, 2016 (Tr. 1-3).

---

[1] During the pendency of this case, Nancy A. Berryhill replaced Acting Commissioner Carolyn W. Colvin. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the Defendant in this case.

## I. BACKGROUND

Elmore was 50 years of age when the ALJ issued the Decision in this case (Tr. 38). Elmore obtained a GED and attended approximately two semesters of community college before getting a medical discharge (Tr. 38, 51). His past work experience is kitchen helper, merchandise deliverer, amusement park ride attendant and warehouse worker (Tr. 64).

The Plaintiff alleges disability based on knee, back and shoulder problems, along with bipolar, mood swings and hallucinations, both oral and visual. The ALJ found that Elmore had several limitations, but still retained the residual functional capacity (RDC) to perform less than the full range of light work. The Court has considered the medical evidence in the record, the testimony at the hearing, and all other evidence in the record. The medical history of the Plaintiff and the content of the ALJ's Decision are not in dispute, and need not be repeated here.

## II. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. 42 U.S.C. § 405(g); *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kirk v. Secretary of Health & Human Servs.,* 667 F.2d 524, 535 (6th Cir. 1981)) (internal citations omitted).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265 (6th Cir. 1972)).

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citing *Halsey v. Richardson*, 441 F.2d 1230 (6th Cir. 1971)).

## III. ANALYSIS

Elmore argues that the ALJ ignored and mischaracterized Elmore's medical records and improperly weighed medical opinions. The Defendant argues that substantial evidence supports the ALJ's assessment of Elmore's RFC.

The RFC is the most the Plaintiff can still do despite the physical and mental limitations resulting from his impairments. 20 C.F.R. § 404.1545(a). It is a determination based on all of the relevant medical and other evidence and is ultimately an administrative determination reserved to the Commissioner. *See* 20 C.F.R. § 404.1545(a)(3); Social Security Ruling (SSR) 96-8p.

The Court finds that the ALJ did not "ignore" or "mischaracterize" Elmore's medical records. The ALJ's factual findings show that he considered the record as a whole, and he reached "reasoned conclusions" supported by substantial evidence (Tr. 20-27). The ALJ recognized Plaintiff's alleged mental impairments and found Elmore's depression and anxiety to be severe impairments (Tr. 19-26). The ALJ considered the impact of Elmore's credible restrictions on Elmore's remaining ability to work. The ALJ concluded that Elmore's mental impairments resulted in moderate limitations. The ALJ included significant restrictions in Elmore's RFC as a result (Tr. 21-22). The Court finds that substantial evidence supports these conclusions.

Having properly formulated the RFC, which contained all of Elmore's credible limitations from his impairments, the ALJ presented the vocational expert with a hypothetical question that identified an individual of Elmore's age, education, and work experience, who had limitations identical to those included in Elmore's RFC (Tr. 27-28, 66-67). The vocational expert testified that such a person could not perform Plaintiff's past work as a merchandise deliverer, but could perform other work, including the representative occupations of bench assembler, inspecting and checking occupations (such as an inspector/hand packager), and production work (such as a

4

garment folder) (Tr. 27-28, 67-68). Such testimony, in response to a properly formulated hypothetical question posed by the ALJ, constitutes substantial evidence supporting the Commissioner's decision. *See* 20 C.F.R. § 404.1566(e). The Court finds that the ALJ properly found at step five that Plaintiff was not "disabled" under the Act because he could perform "other work" existing in significant numbers in the national economy (Tr. 27-28).

## IV. CONCLUSION

Based upon the foregoing, it is hereby **ORDERED** that the Plaintiff's Motion for Summary Judgment [**Doc. 12**] is **DENIED**, and the Commissioner's Motion for Summary Judgment [**Doc. 14**] be **GRANTED**. The Clerk of Court will be directed to **CLOSE** this case.

ORDER ACCORDINGLY.

ENTER:

*[signature: Bruce Guyton]*
United States Magistrate Judge